UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| TRIPLE CANOPY, INC., | ) | Civil Action No.: 4:08-cv-2694-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | |
| | ) | **ORDER** |
| | ) | |
| ALLEN BROTHERS TIMBER | ) | |
| COMPANY, CRAIG ALLEN, | ) | |
| and CLAY ALLEN, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Presently before the Court is Plaintiff's Motion to Set Aside/Vacate (Document # 35) the Order of Dismissal entered in this case on March 23, 2011. Plaintiff seeks to reopen this case pursuant to Rule 60(b)(6), Fed.R.Civ.P., for the limited purpose of entering on record a Confession of Judgment signed by all Defendants. Defendants have not opposed the Motion.

This case was filed on July 30, 2008. Prior to trial, the parties reached the following settlement agreement:

1. Defendants agreed to pay Plaintiff the total sum of $125,000.00 on or before June 15, 2011. Defendants executed a non-interest bearing Promissory Note to Plaintiff (attached as Exhibit A to Document # 33), and also executed a Confession of Judgment (attached as Exhibit B to Document # 33) pursuant to an Agreement of Settlement and Mutual Release (attached as Exhibit C to Document # 33).

2. The Agreement of Settlement and Mutual Release provided that the Confession of Judgment in the amount of $300,000.00 was to be held by Plaintiff's counsel and was not to be filed in or recorded with any Court unless and until Defendants failed to pay Plaintiff the sum of $125,000.00 on or before June 15, 2011.

As a result of the settlement reached between the parties, the undersigned entered an Order (Document # 32) dismissing the case on March 23, 2011. It is undisputed that Defendants failed to pay Plaintiff the agreed-upon $125,000 by June 15, 2011. Accordingly, Plaintiff now seeks to vacate the Order of Dismissal and enter the Confession of Judgment as provided in the Agreement of Settlement and Mutual Release.

Pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, "on motion and just terms, the court may relieve a party from a final order for specified reasons including… (6) any other reason that justifies relief." Rule 60(b)(6) "has been described as the catch-all clause, because it provides the court with a grand reservoir of equitable power to do justice in a particular case, and vests power in courts adequate to enable them to vacate judgments whenever such action is appropriate to accomplish justice, where relief may not be available under any other clause in 60(b)." Compton v. Alton Steamship Co., Inc., 608 F.2d 96, 106-07 (4th Cir. 1979) (quotations omitted). "In Compton, the Fourth Circuit found four things necessary for Rule 60(b)(6), FRCP, relief: (1) the motion must be timely, as having been made within a reasonable time; (2) the motion must be premised on a meritorious defense; (3) there must be an absence of prejudice to the opposing party; and (4) the motion must be accompanied by exceptional circumstances." Potter v. Mosteller, 199 F.R.D. 181, 185 (citing Compton, 608 F.2d at 102).

As stated above, Plaintiff's Motion is not opposed. Also, Plaintiff's Motion was filed within a year of the Order of Dismissal. Plaintiff seeks to file the Confession of Judgment as agreed upon by the parties in the Agreement of Settlement and Mutual Release, and Defendants have failed to present, nor does the court see, any prejudice to allowing the relief sought by Plaintiff. Based upon the record presented, Defendants failed to pay $125,000 by June 15, 2011, as was agreed upon by all parties prior to dismissal of this action, and Defendants do not contest this Motion.

For these reasons, Plaintiff's Motion to Set Aside/Vacate (Document # 35) is **GRANTED.** The Clerk of Court is directed to vacate the Order of Dismissal (Document # 32), file the Confession of Judgment, and enter Judgment accordingly.

    **IT IS SO ORDERED**.

                                        s/Thomas E. Rogers, III
                                        Thomas E. Rogers, III
                                        United States Magistrate Judge

March 19, 2012
Florence, South Carolina